## MARRYOTT AND OTHERS v. YOUNG.

1. The condition of a *certiorari* bond is broken if the *certiorari* is dismissed for want of prosecution.
2. The stipulation to prosecute is a substantive term, and is not fulfilled by a mere return of the writ, which is one only of that series of acts which go to make up the prosecution of the suit.
3. A party is not bound to furnish to his adversary, in his bill of particulars, a copy of any record or writing which is not the foundation of his suit or claim.

----

Error to Morris Circuit Court.

This was a suit on a *certiorari* bond, the condition of which was in the language prescribed by the act relating to the justice's court.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The parties in this case appear, by mutual consent, to have exempted each other from all obligation to conform to any of the ordinary rules of pleading, and the result is, that it has been no slight embarrassment to decide what the real issue between them is.

Nor is the bill of exceptions less faulty, being filled with much misplaced argument and other irrelevant matter. The consequence is, that no attempt will be made to solve the riddle of this record, but attention will be directed exclusively to the objections raised by the counsel of the plaintiff in error, on the argument before this court. Those objections were two in number. *First.* That the judge erred in holding, under the facts of the case, that the condition of the bond sued on was broken.

The instrument sued on was a *certiorari* bond, given under the sixty-eighth section of the act relating to courts for the trial of small causes, and was in the terms prescribed by that provision of the statute. The stipulation was, that the defendant in the court below " should prosecute the said *certiorari* in the said Circuit Court; should pay the sum recovered in the court below, with interest and costs, if the judgment be affirmed; and should in all things stand to and abide the judgment of the said Circuit Court respecting the judgment, order, or proceeding given or made by the court below," &c.

It appeared by the record of the Circuit Court, that the *certiorari* had been dismissed, with costs, because the plaintiff in *certiorari* had failed to prosecute it according to the rules and practice of the court.

The argument was, that this was not a judgment of affirmance; nor was it a judgment respecting the judgment in the justice's court, and, consequently, the events provided for in the condition had not occurred, and there could be no forfeiture.

But this position overlooks the first stipulation in the condition, which is, that the plaintiff in *certiorari* will prosecute the writ in the court above. This is a substantive term, quite independent of those which follow. Nor is this a stipulation which can be satisfied, as was suggested on the argument, by proof that the writ was returned to the court above, for that is but one of the series of acts which go to make up the prosecution of the writ. The meaning of this branch of the agreement is, that the suit, or proceeding, shall

Marryott et al. v. Young.

be prosecuted or followed up to a conclusion. Speaking of an appeal bond, which, in the feature now considered, is very similar to the condition of the present obligation, Chief Justice Ewing, in *Butts* v. *Voorhees*, 1 *Green* 13, says : " If the appeal is dismissed for want of prosecution in the Court of Common Pleas, or if, after the appeal is granted, the appellant neglects to pursue such measures as the due prosecution of the appeal requires, the bond is forfeited."

The record of the Circuit Court, therefore, in the present case, declaring that the *certiorari* was dismissed for want of prosecution, was conclusive as to the fact of forfeiture. This objection cannot prevail.

The second point taken was, that the record of the Circuit Court, containing the judgment of dismissal above mentioned, was illegally admitted, inasmuch as no copy of such record had been furnished to the defendant, although a copy thereof had been demanded before plea filed, in accordance with the section of the supplement to the practice act, passed 19th March, 1857. 4 *Nix. Dig.* 751.*

But the obvious answer to this is, that the statute referred to requires the plaintiff to furnish a copy only of a record when it forms the foundation of the action, and that, in this case, the suit was upon the bond, and not upon this judgment, which was a mere collateral matter evincive of a breach. The point is not well taken.

The other exceptions having been waived upon the argument, it is unnecessary to allude to them ; and the result is, that the judgment of the Circuit Court must be, in all things, affirmed.

Judgment affirmed.

Justices BEDLE, DALRIMPLE, and DEPUE, concurred.

* *Rev.*, p. 885, § 236.